ANDERSON. v. WYANT *et al.*

**Real Estate:** SALE OF: DEPOSIT AS SECURITY AGAINST JUDGMENT LIEN: WHO ENTITLED TO: REDEMPTION. W. procured title to land under a mortgage foreclosure to which plaintiff, the owner of a junior judgment, was not made a party. W. sold the land to N. and to secure N. against the junior judgment a portion of the purchase price was left as a deposit in the hands of K. Plaintiff in this action seeks to recover that sum in payment of his judgment. W., by a cross-bill, asks that plaintiff be required to redeem from the foreclosure sale, and that, on failure so to do, his right to redeem be barred. *Held—*

(1) That, in the absence of proof that the money was left with K. for the plaintiff, or with directions to pay it on the judgment, plaintiff could not recover it.

(2) That W. had a right, though he had sold the land, to maintain the cross-action to compel or bar a redemption, and that the relief asked in the cross-petition was properly granted.

*Appeal from Black Hawk District Court.*—Hon. John J. Ney, Judge.

Filed, May 17, 1889.

This action involves the right of the plaintiff to one hundred dollars, in the hands of Knapp & Co., defendants. The court held that the plaintiff was not entitled to the money, and he appeals. The facts appear in the opinion.

*Hemenway & Grundy*, for appellant.

*F. C. Platt*, for appellees.

Rothrock, J.—It appears from the record in the case that one William Morehouse was the owner of certain real estate in Bremer and Black Hawk counties. On the twentieth day of March, 1879, he executed a mortgage upon the said land to Margaret Wyant. On the twenty-eighth day of June, 1879, one Bieman recovered a judgement before a justice of the peace against said Morehead for fifty-two dollars debt and nineteen dollars costs. This judgment was filed in the office of the clerk of the district court of Black Hawk county on the second of July, 1879. The plaintiff became the owner of the same by assignment before it was filed in the clerk's office. Margaret Wyant foreclosed her mortgage, but did not make the plaintiff herein a party to the foreclosure suit. The property was sold under the foreclosure to Margaret Wyant, and on the eleventh day of February, 1886, she received a sheriff's deed therefor. On the twenty-sixth day of February, 1886, Margaret Wyant and the defendant W. W. Wyant, her husband,

sold and conveyed the land to the defendants F. Newman and Henry Newman. In making the transfer, the defendants J. T. Knapp & Co. acted as the agents of the parties. It was discovered that the right of the plaintiff as a judgment lien-holder had not been foreclosed, and one hundred dollars of the purchase money was returned and held by Knapp & Co. because of the judgment lien. The plaintiff claims that this money was to be paid by Knapp & Co. to the owner of the judgment. The defendant Margaret Wyant contends that there never was an agreement that the money was to be paid on the judgment, and that it was left in the hands of Knapp & Co. for the protection of Newman until the judgment lien could be removed. She filed a cross-bill in this action, requiring the plaintiff to redeem from the foreclosure sale, and that, on failure to do so, his right to redeem be barred. The court dismissed the plaintiff's petition, and entered a decree for the defendant upon the cross-bill.

I. The first question proper to be determined is, Was the plaintiff entitled to recover the deposit of one hundred dollars held by Knapp & Co. ? It must be conceded that there was no right of recovery unless the money was placed in the possession of Knapp & Co. for the plaintiff, or with directions to pay the plaintiff the judgment. We think the court correctly held that the evidence did not warrant a judgment for the plaintiff. There is not one of the witnesses who testified unequivocally that the money was to be paid upon the judgment. J. T. Knapp, a member of the firm of Knapp & Co., testified that they held the one hundred dollars as a pledge that the judgment would be removed to have the titled cleared; that Wyant "never agreed to pay it. Said he would have it removed." This is the only real explanation for the deposit of the money. The parties well understood that the judgment could be removed by an action to compel a redemption. If the deposit was intended to be applied on the judgment, it is not at all probable that it would still be in the hands of Knapp & Co. It is more likely the judgment would have been

paid at the time, and it is altogether unlikely that Wyant would pay the judgment until compelled to do so. The evidence shows an utter lack of privity between the parties who deposited the money and the plaintiff. They entered into no obligation by which they were under any promise legal or equitable to the plaintiff.

II. The plaintiff complains of the decree upon the cross-bill, because Wyant is not the owner of the land, and has no right to maintain the action; and it is claimed that the cross-action cannot be maintained because the defendants Newman, the present owners, cannot be compelled to accept a redemption. It is a sufficient answer to the last proposition to say that the defendants Newman were not made parties to the cross-action, and any rights they may have cannot be prejudiced by the decree, and we think that as Wyant is bound to make good title, and as her right to the deposit of one hundred dollars depends upon the extinction of the lien of the judgment, she may maintain the cross-action. In our opinion, the plaintiff had the right to redeem as a judgment lien-holder, and, as he makes no claim that he desires to do so, he is not in a position to complain of the decree on the cross-bill. AFFIRMED.